UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05 - 10002 RCL Civil Action No.

ERIC RICHARDS, )
)
Plaintiff, )
)  MAGISTRATE JUDGE
v. )
)  VERIFIED COMPLAINT AND
)  DEMAND FOR TRIAL BY JURY
BRACEBRIDGE CAPITAL L.L.C., JAMES DIBIASE )
and NANCY ZIMMERMAN, )
)
Defendants )
)

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.

## INTRODUCTION

Eric Richards, a disabled employee, was terminated from his office position with defendant asset management company, Bracebridge Capital, L.L.C., shortly after he severely injured his back and requested reasonable accommodations. The stated reason for Plaintiff's termination – i.e. that he was unwilling or unable to perform the essential elements of his job – is demonstrably pretextual. Defendant's unlawful conduct is evidenced, inter alia, by the following facts:

- explicit admissions that defendant acted based on complaints of coworkers' that Mr. Richards was becoming a "burden"

- explicit admissions by defendant that one of the reasons Mr. Richards was terminated was because he availed himself of a reasonable accommodation in the form of stretch breaks

- a deceptive and calculated effort to manufacture an "essential job function" in order to fire Mr. Richards for not being able to meet it.

- failure to provide legally required accommodations which would have permitted Mr. Richards to continue to perform his job

- unilateral revocation of previously granted reasonable accommodations and addition of job responsibilities inconsistent with said accommodations.

## PROCEDURAL BACKGROUND

Plaintiff initiated this action by filing a Charge of Discrimination at the Massachusetts Commission Against Discrimination ("MCAD") on or about March 28, 2003. The Charge was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received leave from the MCAD on January 2, 2004 to remove the action to Superior Court pursuant to M.G.L. c. 151B §9. Plaintiff first received a Right to Sue Letter from the EEOC in October, 2004 when his counsel obtained a copy from the agency.

This action seeks relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq. and Mass. Gen. Laws. Chapter 151B ("Chapter 151B"). This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

## PARTIES

1. Plaintiff Eric Richards ("Mr. Richards") is an individual residing in Winchester, Middlesex County, Massachusetts.

2. Defendant Bracebridge Capital L.L.C. ("Bracebridge"), on information and belief, is a limited liability company organized under the laws of the Commonwealth of Massachusetts, with a principal place of business located at One Bow Street, Cambridge, Middlesex County, Massachusetts, and employing in excess of twenty-five employees.

3. Defendant James DiBiase ("Mr. DiBiase") is a Massachusetts resident who served at all relevant times as Chief Operating Officer of Bracebridge.

2

4.     Defendant Nancy Zimmerman ("Ms. Zimmerman") is a Massachusetts resident who served at all relevant times as Manager or Chief Executive Officer of Bracebridge. Ms. Zimmerman was one of the individuals for whom Mr. Richards worked.

## STATEMENT OF FACTS

5.     Mr. Richards was employed as an analyst at defendant Bracebridge from approximately August 2002 until his abrupt termination in February 2003. The termination occurred shortly after he requested reasonable accommodation following an injury that exacerbated his chronic degenerative disk condition and in the wake of an emergency medical absence.

6.     Since the termination, defendants have provided pretextual justifications for their decision to terminate Mr. Richards - namely that Mr. Richards underperformed. Mr. Richards, however, never received a negative evaluation and was told he was performing well. In fact, Mr. Richards received a bonus.

7.     In terminating Mr. Richards, defendant DiBiase told Mr. Richards that he was becoming a burden for defendant Bracebridge. Further, DiBiase told Mr. Richards that he took too many stretch breaks.

8.     DiBiase previously told Mr. Richards that other employees were bothered by the accommodations provided to him.

9.     Prior to the termination, Richards requested a short leave of absence to rehabilitate his back. Defendant DiBiase denied the request, stating that Bracebridge did not have a short-term leave policy.

10.    Shortly before he was terminated Mr. Richards became extremely ill at work and sought emergency medical care.

11. Apparently as a means for setting up the termination, defendants instructed Mr. Richards to have his doctor to fill out a FMLA form. Along with the FMLA form, DiBiase gave Richards a job description that ostensibly applied to Mr. Richards' position at Bracebridge. This job description, however, was not the same job description Mr. Richards had been provided prior to applying for the job at Bracebridge. The section entitled "Essential Functions of the Position" was newly inserted. This section included the requirement that the employee "be able to sit at desk and perform duties on a computer during normal business hours" and "perform duties at [Bracebridge]".

12. While FMLA did not apply to Mr. Richards, he did as his employer requested and submitted the form to his doctor. His doctor returned the form to the defendants.

13. Soon thereafter, Bracebridge terminated Richards' employment. On information and belief, defendant Zimmerman approved the decision to terminate Mr. Richards' employment.

14. Bracebridge did not terminate Mr. Richards for performance reasons, but rather, inter alia, because he was disabled and the company no longer desired to accommodate his disability.

15. As a direct result and foreseeable consequence of the defendants' unlawful conduct, Mr. Richards has suffered significant anxiety, loss of enjoyment of life, loss of income and employment benefits, loss of business and professional reputation, other financial losses, mental anguish and emotional distress.

## COUNT I – ADA AND CHAPTER 151B
## HANDICAP DISCRIMINATION – ACTUAL DISABILITY

16. The plaintiff Richards incorporates the allegations made in paragraphs 1-15 as if fully set forth herein.

4

17. Defendant Bracebridge, through the actions of its agents and employees acting within the scope of their employment, and defendant DiBiase individually, unlawfully terminated Richards because of his disabilities; specifically a degenerative, chronic back condition that had caused Richards to utilize reasonable accommodations such as stretch breaks. Among other unlawful considerations, Defendants acted, inter alia, out of concern that Richards' disability would require him to continue to need reasonable accommodations.

## COUNT II – ADA AND CHAPTER 151B
## HANDICAP DISCRIMINATION – PERCEIVED DISABILITY

18. The plaintiff Mr. Richards incorporates the allegations made in paragraphs 1-17 as if fully set forth herein.

19. Defendant Bracebridge, through the actions of its agents and employees acting within the scope of their employment, and defendant DiBiase individually, unlawfully terminated Richards because they perceived him to be disabled. Defendants acted, inter alia, out of concern that Richards would require additional accommodations for medical reasons.

## COUNT III – ADA AND CHAPTER 151B
## HANDICAP DISCRIMINATION – REFUSAL TO
## PROVIDE REASONABLE ACCOMMODATION

20. The plaintiff Mr. Richards incorporates the allegations made in paragraphs 1-19 as if fully set forth herein.

21. Defendant Bracebridge, through the actions of its agents and employees acting within the scope of their employment, and defendant DiBiase individually, unlawfully refused to provide required reasonable accommodations that would have permitted Richards to perform his job.

## COUNT IV – ADA AND CHAPTER 151B
## HANDICAP DISCRIMINATION – TERMINATION TO AVOID FUTURE REASONABLE ACCOMMODATION OBLIGATIONS

22. The plaintiff Mr. Richards incorporates the allegations made in paragraphs 1-21 as if fully set forth herein.

23. Defendant Bracebridge, through the actions of its agents and employees acting within the scope of their employment, and defendant DiBiase individually, unlawfully terminated Richards in order to evade the possibility of being required to provide further reasonable accommodations. In order to avoid this legal obligation, Defendants abruptly terminated Richards upon learning from his doctor that his need for accommodation may extend for a period of time.

## COUNT V – ADA AND CHAPTER 151B
## HANDICAP DISCRIMINATION – RETALIATION

24. The plaintiff Richards incorporates the allegations made in paragraphs 1-23 as if fully set forth herein.

25. Defendant Bracebridge, through the actions of its agents and employees acting within the scope of their employment, and defendant DiBiase individually, unlawfully retaliated against Richards by terminating him in retaliation for his requests for reasonable accommodation.

## RELIEF REQUESTED

WHEREFORE, plaintiff Eric Richards requests this Court award him the following relief:

1. Enter judgment in his favor against the defendants in an amount warranted by the evidence at trial;

2. Compensatory damages for lost wages and benefits, anxiety, inconvenience, humiliation, mental anguish, and emotional and physical distress and other consequential damages caused by the unlawful acts of defendants;

3. Punitive and exemplary damages in an amount sufficient to deter future unlawful conduct by these and other defendants and to punish these defendants;

4. An order of injunctive relief requiring training and education of defendants' managers concerning their duties and responsibilities under the ADA and Chapter 151B;

5. Attorneys' fees and costs of this action (including expert witness fees); and

6. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

**THE PLAINTIFF DEMANDS A TRIAL BY JURY
AS TO ALL COUNTS OF THE COMPLAINT**

                              Respectfully submitted,
                              ERIC RICHARDS,
                              By his attorneys,

                              _____
                              Paul Holtzman, Esq.
                              BBO No. 563184
                              Emily R. Daughters, Esq.
                              BBO No. 647114
                              KROKIDAS & BLUESTEIN LLP
                              600 Atlantic Avenue
                              Boston, MA 02210
                              (617) 482-7211

DATED: January 3, 2005

2114\0001\144750.1

## VERIFICATION

I, Eric Richards, plaintiff in this action, hereby state under penalty of perjury that I have read the foregoing Verified Complaint and Jury Demand, and that its allegations are true, and that those stated upon information and belief, I believe to be true.

Signed under the penalties of perjury this 30th day of December 2004.

_____
Eric Richards

2114\0001\144750.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Eric Richards vs Bracebridge Capital LLC__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __N/A__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐  NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐  NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐  NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐  NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒  NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Paul Holtzman__
ADDRESS __Krokidas & Bluestein LLP, 600 Atlantic Avenue, Boston, MA 02210__
TELEPHONE NO. __(617) 482-7211__

(Coversheetlocal.wpd - 10/17/02)

%JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Eric Richards

## DEFENDANTS
Bracebridge Capital, LLC
James DiBiase and Nancy Zimmerman

(b) County of Residence of First Listed Plaintiff **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) (617) 482-7211
Paul Holtzman (BBO #563184)
Emily R. Daughters (BBO #647114)
Krokidas & Bluestein LLP
600 Atlantic Ave., Boston, MA 02210

Attorneys (If Known) (617) 439-4200
Jay Shepherd, Esq.
Shepherd Law Group, P.C.
99 Summer Street, Suite 910
Boston, MA 02110-1248

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |  / ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
|  |  / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Americans with Disabilities Act, 42 U.S.C. Sec. 12101 et seq. Disability Discrimination.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE 1/3/05
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____