IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC RICHARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 05-10002-RCL |
| ) | |
| BRACEBRIDGE CAPITAL LLC, ) | |
| JAMES DIBIASE, and NANCY ) | |
| ZIMMERMAN, ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF DEFENDANTS BRACEBRIDGE CAPITAL, LLC
AND JAMES DIBIASE**

Defendants Bracebridge Capital LLC ("Bracebridge") and James DiBiase ("defendants") hereby answer the Complaint in this matter. Defendant Nancy Zimmerman has responded to the Complaint by motion to dismiss pursuant to Fed. R. Civ. P. 12, submitted herewith.

The first and second pages of the Complaint, up to the numbered paragraphs that commence on page 2 thereof, constitute a characterization of this action and conclusions of law, to neither of which an answer is required. To the extent an answer to these allegations may be deemed required, defendants deny these allegations, deny that they discriminated against the plaintiff in any respect, and deny that the plaintiff is entitled to any relief whatsoever.

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and accordingly deny them.

2. Defendants admit the allegations of Paragraph 2 of the Complaint.

3. Defendants admit the allegations of Paragraph 3 of the Complaint.

4. Defendants deny the allegations of Paragraph 4 of the Complaint, except to admit that Ms. Zimmerman is a Massachusetts resident.

5. Defendants deny the allegations of Paragraph 5 of the Complaint, except to admit that the plaintiff was employed as an analyst between August 2002 and February 2003.

6. Defendants deny the allegations of the first two sentences of Paragraph 6 of the Complaint. Defendants admit the allegations of the third sentence, except to the extent that the sentence is intended to allege that plaintiff's receipt of the bonus was an indication of outstanding work performance, which is denied.

7. Defendants deny the allegations of Paragraph 7 of the Complaint.

8. Defendants deny the allegations of Paragraph 8 of the Complaint.

9. Defendants deny the allegations of Paragraph 9 of the Complaint, except to admit that plaintiff sought a leave of absence.

10. Defendants deny the allegations of Paragraph 10 of the Complaint.

11. Defendants deny the allegations of the first sentence of Paragraph 11 of the Complaint, except to admit that plaintiff was asked to have his doctor fill out a form concerning plaintiff's medical condition. Defendants deny the remainder of Paragraph 11, except to admit that a job description was given to the plaintiff, and that it includes, among other things, the requirements listed in the last sentence of Paragraph 11.

12. Defendants deny the allegations of Paragraph 12 of the Complaint, except to admit that defendants received back the form with some information ostensibly from plaintiff's physician.

13. Defendants deny the allegations of Paragraph 13 of the Complaint, except to admit that plaintiff's employment was terminated.

6880/14208-001  BNLIB1/58375v1

14. Defendants deny the allegations of Paragraph 14 of the Complaint.

15. Defendants deny the allegations of Paragraph 15 of the Complaint.

16. In response to the allegations of Paragraph 16 of the Complaint, defendants incorporate by reference their responses to Paragraphs 1 through 15 of the Complaint.

17. Defendants deny the allegations of Paragraph 17 of the Complaint.

18. In response to the allegations of Paragraph 18 of the Complaint, defendants incorporate by reference their responses to Paragraphs 1 through 17 of the Complaint.

19. Defendants deny the allegations of Paragraph 19 of the Complaint.

20. In response to the allegations of Paragraph 20 of the Complaint, defendants incorporate by reference their responses to Paragraphs 1 through 19 of the Complaint.

21. Defendants deny the allegations of Paragraph 21 of the Complaint.

22. In response to the allegations of Paragraph 22 of the Complaint, defendants incorporate by reference their responses to Paragraphs 1 through 21 of the Complaint.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

24. In response to the allegations of Paragraph 24 of the Complaint, defendants incorporate by reference their responses to Paragraphs 1 through 23 of the Complaint.

25. Defendants deny the allegations of Paragraph 25 of the Complaint.

The remainder of plaintiff's Complaint constitutes a prayer for relief, to which no response is required. Defendants specifically deny that plaintiff is entitled to any relief whatsoever.

Defendants deny all allegations of the Complaint not otherwise answered above.

6880/14208-001 BNLIB1/58375v1

FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim as to which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff is not a qualified handicapped individual within the meaning of the statutes under which he asserts his claims.

THIRD AFFIRMATIVE DEFENSE

If the plaintiff suffered any injury, which is denied, that injury was the result of the plaintiff's own acts or omissions, and not the acts or omissions of any of the defendants.

FOURTH AFFIRMATIVE DEFENSE

Defendants had legitimate, lawful, and nondiscriminatory reasons for all actions taken with respect to the plaintiff.

FIFTH AFFIRMATIVE DEFENSE

Defendants afforded adequate reasonable accommodations to the plaintiff.

SIXTH AFFIRMATIVE DEFENSE

If the plaintiff has suffered any injury, which is denied, his recovery is barred by his failure to mitigate his damages.

SEVENTH AFFIRMATIVE DEFENSE

The plaintiff was unable, with or without accommodation, to perform the essential functions of his position.

WHEREFORE, the Complaint should be dismissed with prejudice, or in the alternative judgment should enter in favor of all defendants, and defendants should be awarded their costs.

6880/14208-001 BNLIB1/58375v1


...


Respectfully submitted,

BRACEBRIDGE CAPITAL LLC
JAMES DIBIASE

By their attorneys,

/s/Mark W. Batten
Mark W. Batten, BBO #566211
Proskauer Rose LLP
One International Place
Boston, MA 02110
(617) 526-9850

Dated: March 4, 2005

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record through the Court's electronic filing system and by first-class mail, postage prepaid, this 4th day of March, 2005.

/s/Mark W. Batten
Mark W. Batten

6880/14208-001  BNLIB1/58375v1