UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. C.A. No. 05-10002 RCL

| | |
|---|---|
| ERIC RICHARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BRACEBRIDGE CAPITAL L.L.C. and JAMES DIBIASE | ) |
| | ) |
| Defendants | ) |

**JOINT STATEMENT PURSUANT TO FED. R. CIV. P. 16**

Plaintiff and Defendants, by their respective attorneys, hereby submit this joint statement pursuant to Fed. R. Civ. P. 16.

A.  <u>Mediation</u>.  The plaintiff suggests that this matter should be referred for initial mediation so that the parties may attempt to resolve the matter.  Plaintiff requests a 90 day period during which the parties will engage in mediation, with a completion deadline of June 13, 2005.[1] The plaintiff further suggests that the initiation of discovery and other deadlines in the case should not commence until after the end of the mediation period on June 13, 2005.  The defendants believe that mediation may eventually be fruitful, but that a referral to mediation at this time is premature.

---

[1] Having consulted with the clerk's office concerning the timing of scheduling mediation, it appears that the scheduling will take approximately 30 to 45 days from the time an order of reference issues to receive a mediation date.  Thus, a 60 day mediation schedule would allow the parties to schedule and engage in the initial mediation session and allow time for the parties to engage in follow-up negotiations and/or the finalization of any settlement agreement.

B.  Summary of Positions.

1.  Plaintiff

Eric Richards, a disabled employee, was terminated from his office position with defendant asset management company, Bracebridge Capital, L.L.C., shortly after he severely injured his back and requested reasonable accommodations. The stated reason for Plaintiff's termination – i.e. that he was unwilling or unable to perform the essential elements of his job – is demonstrably pretextual. Defendants' unlawful conduct is evidenced, inter alia, by the following facts:

- explicit admissions that defendant acted based on complaints of co-workers that Mr. Richards was becoming a "burden";

- explicit admissions by defendant that one of the reasons Mr. Richards was terminated was because he availed himself of a reasonable accommodation in the form of stretch breaks;

- a deceptive and calculated effort to manufacture an "essential job function" in order to fire Mr. Richards for not being able to meet it;

- failure to provide legally required accommodations which would have permitted Mr. Richards to continue to perform his job; and

- unilateral revocation of previously granted reasonable accommodations and addition of job responsibilities inconsistent with said accommodations.

As a result of Defendants' unlawful acts, Plaintiff seeks compensatory damages for lost wages and benefits, anxiety, inconvenience, humiliation, mental anguish, emotional and physical distress, and other consequential damages caused by the unlawful acts of Defendants. Plaintiff also seeks punitive and exemplary damages in an amount sufficient to deter future unlawful conduct by these and other defendants and to punish these Defendants. Plaintiff also seeks an order of injunctive relief requiring training and education of Defendants' managers concerning

their duties and responsibilities under the ADA and Chapter 151B.  Finally, Plaintiff seeks attorneys' fees and costs of this action (including expert witness fees).

    2.    Defendant

About two months after he began working for defendant Bracebridge Capital LLC, the plaintiff began to complain of back pain.  Over the next few months, Bracebridge extended a variety of accommodations to the plaintiff, including the option to leave work early for medical attention when necessary, to leave his desk and take stretch breaks so long as someone knew where he was in case he was needed, and even a fully-paid parking space in Cambridge near the Bracebridge office to ease his commute to and from work.  After further discussions with the plaintiff, Bracebridge later purchased an air mattress so that the plaintiff could lie down to stretch his back.  Despite these accommodations, the plaintiff either declined or was unable to perform essential functions of his job, and was terminated for that legitimate reason.  The "explicit admissions" that plaintiff claims above do not carry the weight he would put on them.

    C.    <u>Discovery</u>.

    1.    The parties anticipate that they will have no difficulty complying with the discovery limits set forth in Fed. R. Civ. P. 26(b).

    2.    The parties do not believe that phased discovery is necessary or desirable.

    3.    The parties agree to the following discovery schedule, commencing June 14, 2005:

|  | <u>Deadline</u> |
|---|---|
| Disclosure of initial experts and exchange of expert reports, if any | 09/14/04 |
| Rebuttal expert reports, if any | 10/04/05 |
| Completion of Discovery | 11/15/05 |

D.  <u>Motions Schedule</u>.  The parties agree that motions for summary judgment or other dispositive motions would be filed by January 15, 2006.

If the case is not resolved through mediation or by summary judgment or other dispositive motion, the parties request that the trial date be scheduled for the Spring or Summer of 2006.

E.  <u>Certifications</u>.  The certifications signed by counsel and by the parties regarding the requirement that they confer regarding litigation budgets and alternative dispute resolution will either be filed before or at the conference on April 14, 2005.

|  |  |
|---|---|
|  | Respectfully submitted, |
| ERIC RICHARDS | BRACEBRIDGE CAPITAL L.L.C. and JAMES DIBIASE |
| By his attorneys, | By their attorney, |
| _____ | _____ |
| Paul Holtzman (BBO #563184)<br>Emily R. Daughters (BBO #647114)<br>KROKIDAS & BLUESTEIN LLP<br>600 Atlantic Avenue<br>Boston, MA 02210<br>(617) 482-7211 | Mark W. Batten (BBO #566211)<br>PROSKAUER ROSE LLP<br>One International Place, 14th Floor<br>Boston, MA 02110<br>(617) 526-9850 |

Date: April 8, 2005

2114\0002\150120.1

4